1  Randolph T. Moore, SBN 120041
2  rmoore@swlaw.com
   Sarah M. Ayad, SBN 315200
3  sayad@swlaw.com
   SNELL & WILMER L.L.P.
4  600 Anton Blvd., Suite 1400
   Costa Mesa, California  92626-7689
5  Telephone:  714.427.7000
6  Facsimile:  714.427.7799

7  Attorneys for Defendants
   FORD MOTOR COMPANY and MOSSY
8  FORD, INC. a California Corporation dba
   MOSSY FORD
9

10

11                    UNITED STATES DISTRICT COURT

12                  SOUTHERN DISTRICT OF CALIFORNIA

13

14  DARLA LOUISE MERCER                CASE NO. **'18 CV 0510 BAS RBB**

15              Plaintiff,             [*Originally filed in San Diego Superior
                                       Court; Case No.: 37-2018-00006087-*
16       v.                            *CU-BC-CTL*]

17  FORD MOTOR COMPANY, a
    Delaware Corporation; MOSSY FORD,  **FORD MOTOR COMPANY'S**
18  INC. a California Corporation dba  **NOTICE OF REMOVAL OF CIVIL**
    MOSSY FORD; and DOES 1 through     **ACTION UNDER 28 U.S.C. §**
19  10, inclusive,                     **1441(b) (DIVERSITY)**

20              Defendants.

21                                     Complaint Filed:    February 2, 2018
22                                     Complaint Served:  February 6, 2018

23

24       TO THE CLERK OF THE ABOVE-ENTITLED COURT:

25       PLEASE TAKE NOTICE that Defendant Ford Motor Company ("Ford") by

26  its counsel SNELL & WILMER LLP, hereby removes to this Court, pursuant to 28

27  U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the claims

28  pending as Case No. 37-2018-00006087-CU-BC-CTL of the Superior Court of

                                              FORD MOTOR COMPANY'S
                                              NOTICE OF REMOVAL

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1   California, County of San Diego. In support of this removal, Ford states:

2   **I.   THE REMOVED CASE**

3         1.     The removed case is a civil action commenced in the Superior Court of

4   California, County of San Diego by Plaintiff Darla Louise Mercer against Ford,

5   entitled *Mercer v. Ford Motor Company, et al.*, Case No. 37-2018-00006087-CU-

6   BC-CTL (the "State Action"). The two named Defendants are Ford and Mossy

7   Ford, Inc. dba Mossy Ford ("Mossy Ford").

8         2.     Plaintiff filed the State Action on February 2, 2018, asserting breach of

9   warranty and fraudulent inducement claims against Ford and Mossy Ford. *See*

10   Complaint.

11   **II.   PROCEDURAL REQUIREMENTS**

12         3.     Ford has thirty (30) days from the date of service or receipt of a copy

13   of the Complaint to remove a case. 28 U.S.C. § 1446(b). Ford was served with a

14   copy of the Complaint on February 6, 2018. This Notice of Removal is therefore

15   timely filed.

16         4.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and

17   orders for the State Action in Ford's possession are contained in **Exhibits A-C** filed

18   herewith.[1]

19         5.     Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Southern

20   District of California because this district embraces the place in which the removed

21   action has been pending.

22         6.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice

23   of Removal will be filed with the Superior Court of California, County of San

24

25   [1] Due to backlog at San Diego County Superior Court, Ford and Mossy Ford have
26   not yet received a copy of its conformed Answer. Ford and Mossy Ford filed an
     Answer on March 6, 2018. Ford and Mossy Ford will file a notice of errata
27   containing their conformed Answer upon their receipt. See, Declaration of Sarah
     M. Ayad ("Ayad Decl."), filed concurrently herewith attached as **Exhibit D**, at ¶
28   18.

FORD MOTOR COMPANY'S
NOTICE OF REMOVAL

1   Diego promptly after filing of same in this Court.

2        7.    Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice

3   of Removal will be given to all adverse parties promptly after the filing of same in

4   this Court.

5        8.    If any question arises as to the propriety of the removal of this action,

6   Ford requests the opportunity to conduct discovery, brief any disputed issues, and

7   to present oral argument in favor of its position that this case is properly removable.

8        9.    Nothing in this Notice of Removal shall be interpreted as a waiver or

9   relinquishment of Ford's right to assert defenses including, without limitation, the

10   defenses of (i) lack of personal jurisdiction, (ii) improper venue and/or *forum non*

11   *conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process,

12   (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii)

13   failure to join indispensable party(ies), or (viii) any other procedural or substantive

14   defense available under state or federal law.

15        10.    Defendant Ford believes that Mossy Ford was served with the

16   summons and complaint in this action on February 7, 2018.  Without waiving any

17   defenses, Mossy Ford hereby joins in this Notice of Removal and consents to

18   removal of this case to this Court.

19   **III.    THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET**

20        11.    The amount in controversy in this action exceeds $75,000, exclusive of

21   interest and costs.  *See* 28 U.S.C. § 1332.

22        12.    The removing party's initial burden is to "file a notice of removal that

23   includes 'a plausible allegation that the amount in controversy exceeds the

24   jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th

25   Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct.

26   547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement

27   stated in Rule 8(a)," which requires only that the grounds for removal be stated in a

28   "short and plain statement." *Dart*, 135 S. Ct. at 553.

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

FORD MOTOR COMPANY'S
NOTICE OF REMOVAL

13.    Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). A defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

14.    Ford disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, Ford can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

15.    In the present case, Plaintiff seeks both monetary and injunctive relief. Plaintiff alleges claims for breach of express and implied warranties under the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790 *et seq.*) against Ford and Mossy Ford and fraudulent inducement against Ford. (Compl. ¶¶ 109-158).

16.    Plaintiff alleges that on July 7, 2013, she purchased a new 2013 Ford Focus for $26,952.95 [2] and that the PowerShift transmission is defective because it "consistently slips, bucks, kicks, jerks, harshly engages," among other alleged

---

[2] The calculation of vehicle price is made by adding the "Down Payment" and "Total of Payments," as represented in the Plaintiffs' Sale Contract, as attached to Exhibit 1 of Plaintiffs' Complaint. *See* Ayad Decl. ¶ 4-12.

FORD MOTOR COMPANY'S
NOTICE OF REMOVAL

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

problems. (Compl. ¶¶ 9, 22). Plaintiff alleges that she took the Focus in for repairs and further alleges that the "PowerShift Transmission could not be repaired." (Compl. ¶¶ 73-77, 116-117).

17.    Plaintiff alleges that she is entitled to relief under the Song-Beverly Act including: attorneys' fees, restitution, reimbursement of the price paid for the vehicle, costs, expenses, all incidental, consequential, and general damages, as well as a civil penalty of up to two times the amount of actual damages. (Compl. ¶¶ 119–123, Prayer for Relief). Plaintiff also seeks "rescission of the [purchase] contract" under the Song-Beverly Act. (*Id.* ¶ 133, Prayer for Relief). Furthermore, Plaintiff seeks punitive damages. (Prayer for Relief).

18.    Based on the numbers provided in the Plaintiff's Sales Contract, as well as vehicle repair records in possession of Ford, if Plaintiff was to prevail on her Song-Beverly claims she would be awarded damages of at least $78,250.38, calculated as follows:

Purchase Price:            $30,452.95

Less Deduction for Use:  $4,369.49

=         $26,083.46 of Potential Actual Damages

Plus Civil Penalty (2 x Actual Damages): $52,166.92

=         $78,250.38 of Potential Damages Awarded

(*See* "Ayad Decl. ¶¶ 4-12; Cal. Civ. Code § 1793.2(d)(2)(B) – (C); § 1794(c)).

19.    Civil penalties under the Song-Beverly Act are also properly included in the calculation. *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1009 (N.D. Cal. 2002). So too are reasonable estimates of attorney's fees. *Id.* at 1011.

20.    The Song-Beverly Act allows for the recovery of attorneys' fees and costs, which regularly exceed $100,000. (Declaration of Spencer P. Hugret ¶¶ 5-6, attached as **Exhibit E.**)

///

FORD MOTOR COMPANY'S
NOTICE OF REMOVAL

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

21.    The amount in controversy calculation includes punitive damages. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Experts retained by plaintiffs in comparable cases related to the Ford DPS6 transmission have routinely sought punitive damages far in excess of $75,000, and more specifically, nine times the amount of actual damages (see, for example, the Declaration of Dr. Barbara C. Luna filed in *Cazares v. Ford Motor Company*, Case No. BC635153 in the Superior Court of California, County of Los Angeles (without exhibits) attached as **Exhibit G** at ¶ 71). In this case, the amount of punitive damages estimated using that calculation would be approximately $234,751.14 (based on the figure calculated in paragraph 18 above), far in excess of $75,000.

22.    Notwithstanding the foregoing, in full settlement of this action and all of the claims therein, Ford hereby offers to pay Plaintiff the total sum of Seventy Five Thousand and One Dollars ($75,001.00), inclusive of any and all costs, attorneys' fees, and/or civil penalties, in exchange for each of the following: (1) the entry of a Stipulation of Dismissal of the entire action with prejudice; and (2) the execution of a Settlement Agreement and Release by Plaintiff in favor of Defendants. Also, if accepted, the settlement will extinguish any and all past, present, or future claims for damages of any kind related to the Subject Vehicle. This offer shall remain open only for ten (10) days from the date of the service of this Notice of Removal on Plaintiff's counsel. If this offer is not accepted within the time prescribed above, it shall be deemed withdrawn, and cannot be given in evidence upon trial. (Ayad Decl. ¶ 13, **Exhibit D.**)

## IV.    DIVERSITY OF CITIZENSHIP EXISTS

23.    Plaintiff is, and was at the time of filing of the Complaint, a citizen and resident of California. (Compl. ¶ 2).

24.    Ford is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Michigan. This Court can take judicial notice of these facts.

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

FORD MOTOR COMPANY'S
NOTICE OF REMOVAL

1  *See* Excerpt from Ford's 2016 Form 10-K filing[3], **Exhibit F** to Ayad Decl.; *see also*

2  Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately

3  and readily determined from sources whose accuracy cannot reasonably be

4  questioned."

5           ***A.     Defendant Mossy Ford and Fraudulent Joinder***

6        25.     Under the doctrine of "fraudulent joinder," diversity jurisdiction exists

7  when a plaintiff is unable to maintain a cause of action against a non-diverse

8  defendant, but joins that non-diverse defendant in order to evade the jurisdiction of

9  federal court. *McCabe v. General Foods Crop.,* 811 F.2d 1336, 1339 (9th Cir.

10  1987); *Albi v. Street & Smith Publications,* 140 F.2d 310, 312 (9th Cir. 1944);

11  *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001) (stating that a

12  non-diverse party named in the state court action may be disregarded if the federal

13  court determines that the party's joinder is a "sham" or "fraudulent" so that no

14  possible cause of action can be pursued against that party). A defendant is

15  fraudulently joined "if the plaintiff fails to state a cause of action against the

16  resident defendant, and the failure is obvious according to the settled rules of the

17  state." *Morris,* 236 F.3d at 1067 (citations omitted); *Hamilton Materials, Inc. v.*

18  *Dow Chem. Corp.,* 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting *McCabe v. Gen.*

19  *Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987)).

20        26.     Ford contends that Plaintiff fraudulently joined Mossy Ford in this

21  case on a claim for which no recovery exist under California law, and for no reason

22  other than to defeat diversity jurisdiction and prevent removal of the action to

23  federal court. *See In re Briscoe,* 448 F. 3d 201, 217 (3d Cir. 2006) ("[fraudulent

24  joinder exists where] there is no reasonable basis in fact or colorable ground

25  supporting the claim against the joined defendant, or no real intention in good faith

26  to prosecute the action against the defendants or seek a joint judgment").

27

28  _____

[3] A true and correct copy of an excerpt from Ford's 10-K filing for the fiscal year ending December 31, 2017 will be provided to the Court once available.

FORD MOTOR COMPANY'S
NOTICE OF REMOVAL

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

27.   First, Plaintiff lacks any legal authority for her Song-Beverly claims against Mossy Ford as there is no reasonable basis to suggest that Plaintiff can prevail on such claims.  California law permits sellers to disclaim express warranties. Words that create an express warranty are to be construed as consistent with words that tend to limit or negate a warranty. Cal. Com. Code § 2316(1); U.C.C. § 2-313; See *Hauter v. Zogarts*, 14 Cal.3d 104, 118–119 (1975) (stating that a seller must clearly limit his liability when modifying or disclaiming an express warranty).  Here, Mossy Ford made clear efforts to disclaim any express warranties with respect to the purchase of Plaintiff's Focus. The back of the Sales Contract (attached as Exhibit 1 to Plaintiff's Complaint, **Exhibit A**) specifically states that:

4.   Warranties Seller Disclaims

**If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**

This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. If the Seller has sold you a certified used vehicle, the warranty of merchantability is not disclaimed. (emphasis in original).

Mossy Ford properly disclaimed any express warranties in connection with the sale of Plaintiff's Focus. Thus, this disclaimer invalidates Plaintiff's Song-Beverly claims against Mossy Ford, such that Plaintiff clearly brought Mossy Ford as a party only to defeat diversity.

28.   Coupled with the above, Ford believes that Plaintiff has no intention of prosecuting any claim against Mossy Ford, and that Mossy Ford was only brought

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

8

FORD MOTOR COMPANY'S
NOTICE OF REMOVAL

1 | in to defeat the claim of diversity and removal to Federal Court, due to the fact that

2 | Ford has recently sought an MDL within the federal court, which was recently

3 | ordered. (Hugret Decl. at ¶ 7). Indeed, Ford's counsel's vast litigation experience

4 | in opposing automotive product liability cases (and in particular matters filed by

5 | Mr. Mikhov's firm), has been that individual Ford dealerships have *not* been

6 | regularly sued, which further fortifies Ford's position that Mossy Ford's

7 | involvement in this matter is improper. (*Id.*) Furthermore, Plaintiff's intentions are

8 | made apparent both in the bare-boned, non-specific allegations as well as in her

9 | prayer for relief, which requests judgment against Ford alone, not Mossy Ford.

10 | (Compl. Prayer for Relief.) Because Plaintiff's joinder of Mossy Ford is a sham,

11 | this Court has the jurisdiction to accept this matter, without regard to Mossy Ford

12 | joinder, and complete diversity exists for purposes of 28 U.S.C. § 1332 jurisdiction.

## V.    CONCLUSION

14 | For the reasons stated above, the State Action may be removed to this Court

15 | by Ford in accordance with the provisions of 28 U.S.C. §§ 1332 and 1441 because:

16 | (i) this action is a civil action pending within the jurisdiction of the United States

17 | District Court for the Southern District of California, (ii) the amount in controversy

18 | exceeds $75,000.00, exclusive of interest and costs, and (iii) the action is between

19 | citizens of different states.

Dated: March 8, 2018                          SNELL & WILMER L.L.P.

By:/s/Sarah M. Ayad
   Randolph T. Moore
   Sarah M. Ayad
   Attorneys for Defendants
   FORD MOTOR COMPANY and
   MOSSY FORD, INC. a California
   Corporation dba MOSSY FORD

   rmoore@swlaw.com
   sayad@swlaw.com

*Left margin:* SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

FORD MOTOR COMPANY'S
NOTICE OF REMOVAL

## CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626.

On March 8, 2018, I served, in the manner indicated below, the foregoing document described as: **FORD MOTOR COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** on the interested parties in this action:

Steve Mikhov
KNIGHT LAW GROUP, LLP
1801 Century Park East, Suite 2300
Los Angeles, CA 90067

**ATTORNEY FOR PLAINTIFF**

Tel: 310.552.2250
Fax: 310.552.7973

stevem@knightlaw.com

☒    BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (F.R.C.P. § 5 (b)(2)(C)).

☒    BY E-FILING (USDC Southern): I caused such document to be sent electronically to the court; pursuant to General Order No. 08-02, electronic filing constitutes service upon the parties who have consented to electronic service.

☒    FEDERAL: I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

EXECUTED on March 8, 2018, at Costa Mesa, California.

_____
Sandi Martinez

FORD MOTOR COMPANY'S
NOTICE OF REMOVAL

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689